UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00070-RJC

| | |
|---|---|
| KATHLEEN M. THORP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 13); Plaintiff's Memorandum in Support, (Doc. No. 14); Defendant's Motion for Summary Judgment, (Doc. No. 15); and Defendant's Memorandum in Support, (Doc. No. 16). The motions are ripe for adjudication.

**I.  BACKGROUND**

A. Procedural Background

Kathleen M. Thorp ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application under Title II for a period of disability and disability insurance benefits on December 17, 2011, alleging an onset date of May 21, 2011. (Doc. Nos. 10 to 10-9: Administrative Record ("Tr.") at 101). Her applications were denied first on July 9, 2012, and again on October 10, 2012 upon reconsideration. (Id. at 116–19, 125–128). Plaintiff filed a timely request for a hearing on October 17, 2017 (Id. at 129), and an administrative hearing was held by an administrative law judge ("ALJ") for the Social Security Administration on March 31, 2014. (Id. at 33–90).

Following this hearing, the ALJ found that the Plaintiff was not disabled because she was capable of performing past relevant work as an administrative assistant. (Id. 28). The Plaintiff requested a review of the ALJ's decision on August 26, 2014, but on June 27, 2014, the Appeals Council issued an unfavorable decision. (Id. at 1–8, 9). The findings of the Appeals Council affirmed the conclusion of the ALJ that Plaintiff was not disabled under the SSA, albeit for different reasons. (Id. at 1–8).

Plaintiff exhausted her administrative remedies and this case is now before the Court for disposition of the parties' cross-motions for summary judgment. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), and Plaintiff's Memorandum in Support, (Doc. No. 14), were filed on July 12, 2016. Defendant's Motion for Summary Judgment, (Doc. No. 15) and Memorandum in Support, (Doc. No. 16), were filed on September 12, 2016.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act ("SSA"). (Tr. 13). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n5 (1987). Plaintiff alleges that her disability began on December 17, 2011 due to back injury; foraminal stenosis 14-15, 15-S1; coccygectomy; degenerative disc disease; spinal fusion L4-S1; and foraminal stenosis L4-L5, L5-S1. (Tr. 101).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Id. at 28). In reaching his conclusion, the

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 28).

In reaching his decision, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since May 21, 2011, the alleged onset date. (Id. at 15). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "degenerative disk disease, L4-5 and L5-S1 formalminal stenosis, status post L4-S1 spinal fusion surgery and coccygetomy, and obesity." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (Id. at 22).

Subsequently, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "light work" as defined by 20 C.F.R. § 404.1567(b). (Id. at 21). When making this finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms

can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). Using this RFC, the ALJ found at the fourth step that Plaintiff could perform her past relevant work as an administrative assistant. (Id. at 28). Plaintiff's RFC, the ALJ concluded, did not preclude her from performing her work-related activities. (Id.).

On review, the Appeals Council agreed with the ALJ's ultimate conclusion that Plaintiff was not disabled under the SSA, but found that the ALJ erred in determining that Plaintiff could perform her past relevant work. (Id. at 5). Because Plaintiff performed her job as an administrative assistant longer than 15 years ago, it could not be considered past relevant work as defined by 20 C.F.R. § 416.1560(a)(1). (Id.). Nonetheless, the Appeals Council found that, given Plaintiff's RFC to perform the full range of light work, she was not precluded from performing jobs that exist in significant numbers in the national economy. (Id. at 6).

Plaintiff now argues that the ALJ failed to make complete findings as to Plaintiff's mental RFC and explain why limitations described within medical opinions were not mentioned within the RFC analysis. (Doc. No. 14 at 5, 12). Plaintiff also argues that the Appeals Council erred by not vacating the ALJ's decision upon receiving new evidence. (Id. at 16). In response, Defendant argues that substantial evidence supports the ALJ's determination of Plaintiff's mental RFC, the limitations of Plaintiff's ability to work were properly considered in determining her overall RFC, and the Appeals Council correctly concluded that Plaintiff was not disabled, even in light of new evidence. (Doc. No. 16 at 1–2).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see

also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

### A. The ALJ properly determined Plaintiff's Mental RFC.

Plaintiff argues that the ALJ failed to give a function-by-function analysis of the nonexertional mental functions associated with Plaintiff's difficulties. (Doc. No. 14 at 5). Specifically, Plaintiff argues that the ALJ erred in failing to mention the mild limitation in Plaintiff's concentration, persistence, or pace found in step two. (Id. at 8). To support her argument, Plaintiff cites Mascio v. Colvin, which held that an ALJ must explain a claimant's moderate limitation in concentration, persistence or pace when determining that claimant's RFC. 780 F.3d 632, 638 (4th Cir. 2015); (Doc. No. 14 at 11). Upon review, the Court finds that the ALJ did not err in his determination and explanation of Plaintiff's RFC.

The Court first notes that this case differs markedly from Mascio. There, the ALJ determined that claimant had moderate restrictions maintaining concentration, persistence, or pace. Mascio, 780 F.3d at 638. Here, the ALJ found that Plaintiff's mental impairments were nonsevere and that Plaintiff had mild difficulties maintaining concentration, persistence or pace. (Tr. 19–20). This Court does not interpret Mascio's holding as applying to all restrictions.[2] Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild

---

[2] This Court recognizes the differing views regarding this issue. See, e.g., Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (finding that the ALJ failed to provide a detailed assessment of the plaintiff's mild mental limitations in the body of the RFC discussion).

restrictions, be explicitly discussed in terms of RFC."). See also Gilbert v. Berryhill, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (finding that Mascio did not apply to cases of mild difficulties); Roberson v. Colvin, No. 3:14–cv–00488–MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (finding that, because the case "concerns only 'mild difficulties,' it [did not] trigger the RFC discussion requirements of Mascio per se."). As such, this Court does not find Plaintiff's first argument persuasive. The ALJ properly assessed Plaintiff's mental RFC, even in light of Mascio's holding.

Furthermore, it is worth noting that the ALJ's RFC analysis does mention Plaintiff's mental impairments. The ALJ stated that "State agency psychological consultants found [Plaintiff's] mental impairments to be nonsevere." (Tr. 27). The ALJ then concluded that, "[i]n making [his] function-by-function assessment, [he] generally agree[d] with the functional limitations imposed by the State agency medical consultants." (Id.). The ALJ also recounted 2014 treatment notes of Dr. Tignor, Plaintiff's primary care provider, which indicated that Plaintiff denied anxiety or depression. (Id. at 25). The ALJ's RFC analysis otherwise goes into considerable detail in assessing Plaintiff's physical pains and the severe limitations that they pose. This makes sense considering that Plaintiff attributed her problems with concentration to her physical pain rather than her mental impairments. (Id. at 20).

B. The ALJ properly determined Plaintiff's RFC in light of various medical opinions.

Next, Plaintiff argues that the ALJ's determination of her RFC lacked a function-by-function assessment when the limitations described within a State agency consultant's medical opinion—otherwise given great weight by the ALJ—were not mentioned. (Doc. No. 14 at 12). The medical opinion in question belonged to Dr. Gardner, who determined in 2012 that Plaintiff

could only occasionally climb ramps and stairs; climb ladders, ropes, and scaffolds, balance; stoop; crouch; and crawl. (Id.) (citing Tr. 111).

Upon review of the record, the Court finds that the ALJ did mention the above postural limitations when assessing Plaintiff's RFC. When addressing the weight given to the state agency consultants' opinions, the ALJ stated, "The State agency physicians concluded that the claimant can suit, stand, or walk for about six hours in a workday; can push and pull, lift and carry 20 pounds occasionally and 10 pounds frequently; has minimal postural and environmental limitations; and has no visual, manipulative, or communicative limitations." (Tr. 27) (emphasis added). Clearly, the limitation of "occasional" climbing, balancing, stooping, crouching, and crawling correlates to a minimal postural limitation.

Plaintiff is correct that the ALJ declined to modify Plaintiff's RFC beyond the "full range of light work" in light of these minimal postural limitations. (Id. at 21). However, the Court does not find that the ALJ erred in this determination. As mentioned above, the ALJ clearly considered the State agency's limitations. Furthermore, the ALJ tracks the progression of Plaintiff's treatment history and specifically notes that her complaints of pain decreased after Dr. Gardner's 2012 opinion. (Id. at 23–26).

  C. <u>The Appeals Council did not err in light of new evidence submitted by Plaintiff.</u>

Lastly, Plaintiff argues that the Appeals Council erred in determining that Plaintiff was not disabled under the SSA, even after Plaintiff submitted new, allegedly contradictory evidence. (Doc. No. 14 at 16–19). This new evidence comes in the form of a letter written by Plaintiff's treating orthopedic specialist, Dr. Getter. (Id. at 17) (citing (Tr. 543)). On review, this Court does not find that the Appeals Council erred in its determination, even in light of Dr. Getter's letter.

The Appeals Council is required to consider new and material evidence when deciding if they will grant review of the ALJ's decision. Parham v. Comm'r of Soc. Sec., 627 F. App'x 233 (4th Cir. 2015). "Evidence is new if it is not duplicative or cumulative and is material if there is a reasonable possibility that the new evidence would have changed the outcome." Meyer v. Astrue, 662 F.3d 700, 705 (4th Cir.2011). New and material evidence "need not have existed during that period, but rather must be considered if it has any bearing upon whether the claimant was disabled during the relevant period of time." Outlaw v. Colvin, No. 5:11-CV-647-FL, 2013 WL 1309372, at * 2 (E.D.N.C. Mar. 28, 2013) (citing Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987)).

Plaintiff cites Meyer v. Astrue, which remanded a case back to the ALJ to reconsider new evidence that post-dated the ALJ's decision to deny a claimant disability benefits. 662 F.3d at 703. However, District Courts have limited the applicability of Meyer to those cases where an evidentiary gap exists in the medical record. Clevenger v. Colvin, No. 2:16-CV-14, 2016 WL 6236316, at *5 (N.D.W. Va. Oct. 25, 2016) (citing Turner v. Colvin, 2015 WL 751522, at *5–6 (D.S.C. Feb. 23, 2015); Miller v. Colvin, 2014 WL 2208119, at *4 (W.D.N.C. May 28, 2014); Davis v. Astrue, 2012 WL 4479252, at *3 (D.S.C. Sept. 27, 2012)). Even if Plaintiff's new evidence was considered new and material, no such evidentiary gap exists in this case.

Dr. Getter's letter addresses Plaintiff's pain after her coccygectomy and the installation of a paint stimulator. (Tr. 543). However, the record does not suffer from a gap of evidence after these two procedures. In fact, the ALJ cites Dr. Getter's own records which expressed both his and Plaintiff's pleasure in regards to Plaintiff's decreased pain and discomfort. (Id. at 25). In addition to Dr. Getter's records, the ALJ also cited a 2014 treatment notes from Dr. Tignor which indicate that Plaintiff complained of "chronic low back pain," but "denied experiencing any back pain, joint pain, muscle pain, muscle cramp, joint stiffness, or joint swelling." (Id.). Considering

this evidence detailing Plaintiff's condition after her coccygectomy and the installation of a paint stimulator, the Appeals Council did not err when it declined to vacate the ALJ's decision in light of Dr. Getter's most recent letter.

## IV. CONCLUSION

Upon review, this Court finds for Defendant. The ALJ properly determined Plaintiff's RFC in light of both Plaintiff's mild limitation in concentration, persistence, or pace as well as the medical opinions of State agency physicians. Furthermore, Plaintiff's new evidence did not warrant the Appeals Council to vacate the ALJ's position because no evidentiary gap existed.

**IT IS THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **GRANTED**;
3. The Clerk of the Court is directed to close this case.

Signed: January 5, 2018

*[signature]*

Robert J. Conrad, Jr.
United States District Judge

SEALED DOCUMENT with access to All Parties/Defendants.